IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                                             OPINION AND ORDER

                Plaintiff,

                                                                                             08-cr-51-bbc

     v.

JOHN JACQUES,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Defendant John Jacques has moved to withdraw his plea of guilty to one count of knowing possession on a computer hard drive of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B). His court-appointed counsel declined to file the motion, believing it had no merit but I allowed defendant to file one on his own behalf and explain to the court why he thought his plea was not entered voluntarily. He has filed such a motion; the government has responded to it and defendant has filed a reply.

       From defendant's filings, I infer that he is asserting two grounds in support of his claim of involuntariness. The first is his fear that he would be injured by other inmates at the Columbia County jail, where he was housed pending resolution of his case; the second is his belief that he could not be found guilty for having illegal depictions on his computer

1

because he accessed them only once and then only to delete them.

Under Fed. R. Crim. P. 32(e), a court may permit a defendant to withdraw his plea at any time before sentencing if the defendant provides a "just and fair reason" for doing so. The rule does not say that a defendant may withdraw his plea whenever he regrets having entered it or decides perhaps he should put the government to its proof after all. The defendant must show that he did not understand what he was doing or saying or that his plea was involuntary. This can be difficult, if not impossible, if the defendant has told the court at his plea hearing that he did understand what was happening and exactly what he was charged with doing and if he has also assured the court that he was not pressured into pleading guilty. United States v. Schuh, 289 F.3d 968, 975 (7th Cir. 2002) (court accords "presumption of verity" to defendant's statements at plea hearing).

At the plea hearing in this case, defendant told the court that he understood the government's charge against him and that no one had threatened him or forced him to plead guilty or made him promises to induce him to plead, other than what was included in the written plea agreement. He was not asked specifically whether he was pleading guilty because he was afraid of staying in the county jail, but he had a full opportunity to do so. Upon questioning by the court, he admitted that on November 29, 2007, he had on his computer pictures of minors engaged in sexually explicit conduct and that he knowingly possessed the pictures. Plea Hrg.Trans., dkt. #22, at 12-13. He agreed that he had taken

2

steps to get the pictures on his computer, id. at 13, and that he had viewed evidence showing that the pictures were on his hard drive. Id. Moreover, he agreed with his counsel's explanation that, given the nature of the program from which he obtained the pictures, there could be no way that his possession of the pictures could be accidental or inadvertent. Id. at 14.

Defendant's admissions at his plea hearing can be treated as conclusive. United States v. Messino, 55 F.3d 1241, 1248 (7th Cir. 1995) ("district court is generally justified in discrediting the proffered reasons for the motion to withdraw and holding the defendant to [his] admissions at the Rule 11 hearing"). Although defendant believes that he could show that the only time he accessed the sexually explicit pictures was to delete them, he agreed with his counsel that he could not have obtained the pictures from the program accidentally or inadvertently. Given these admissions, he would have no viable defense to the charge if he were to go to trial. In any event, when he seemed to waver about his decision and was asked again whether he wished to plead guilty, he told the court that he did. Plea Hrg. Trans., dkt. #22, at 14.

I conclude that defendant has not shown any fair and just reason why he should be allowed to withdraw his plea of guilty to count one of the indictment against him. Because the government has asked for additional time to review the charging papers from Virginia that will determine whether defendant is subject to a ten-year mandatory minimum

3

sentence, I will delay setting a new sentencing date until the government and defendant's counsel have had an opportunity to obtain the papers and examine them.

ORDER

IT IS ORDERED that defendant John Jacques's motion to withdraw the guilty plea he entered on August 20, 2008 is DENIED. Counsel for the government and for defendant are to reschedule the plea hearing as soon as they have had a chance to review the Virginia papers.

Entered this 12th day of February, 2009.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge